JACOBS *v.* SCHULMEYER ET AL.

[No. 17,548. Filed January 10, 1947. Rehearing Denied March 10, 1947.]

*Arthur T. Mayfield* and *Rex E. Poe,* both of Indianapolis, for appellant.

*Hollett, La Fuze & Hollett; Faust, Faust & Faust; Adolph Schrieber* and *Rudolph J. Roller,* all of Indianapolis, for appellees.

FLANAGAN, J.—The sole question presented by this appeal is whether an adopted child inherits directly from collateral kindred of the adopting parent.

The applicable statutory provision reads as follows:

" . . . .

"From and after such adoption such child shall take the name prayed for in the adoption petition, if new name is given, and thereafter shall be entitled to and receive all rights and interests *in the estate of such adopting father or mother* or both by descent or otherwise which such child would be entitled to if he had been the natural heir of such adopting father or mother or both: Provided, however, That should such adopted person die intestate, without leaving wife or husband or issue or other descendants surviving him or her and seized of any real estate or personal property which may come to such person by gift, devise or descent from such adopting father or mother, such property so coming to such adopted person shall on his or her death descend to the heirs of said adopting father or mother the same as if said person had never been adopted. . . . . ." (Our italics.) § 3-121, Burns' 1946 Replacement, § 5699-40, Baldwin's 1934 Supp.

We think the above statute is clear and unambiguous. It specifically limits to the estate of the adopting father and mother the right of an adopted child to inherit as such. To hold otherwise we would have to ignore the words "in the estate of such adopting father or mother" or write into such words a meaning which is not therein expressed.

It is also worthy of notice that in the proviso clause provision is made that if an adopted person dies intestate without spouse or descendant, property which came to such adopted person from the adopting parent should return to the heirs of such adopting parent. It seems logical that had the legislature intended that an adopted

child inherit from collateral kin of the adopting parent similar provision would have been made for return of the property inherited to the blood line. But no such provision is made.

We think the trial court correctly held that an adopted child does not inherit directly from the collateral kin of the adopting parents.

Judgment affirmed.

ROYSE, J., not participating.

NOTE.—Reported in 70 N. E. (2d) 435.